## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **NICHOLAS BOOTH,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-372** |
| **BRANTLEY MILLER, and** | § | **JURY DEMANDED** |
| **MICHAEL GANATOS,** | § | |
| **Defendants.** | § | |

## DEFENDANT MICHAEL GANATOS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Michael Ganatos ("Defendant"), one of the named Defendants in the above-entitled and numbered cause, and makes and files this his Original Answer to Plaintiff's Original Complaint (hereafter, "Plaintiff's Complaint"), showing unto the Court as follows:

### *Untitled/Unnumbered Introductory Paragraph*

To the extent Plaintiff is quoting from cases, Defendant would refer directly to the cited cases.

### SUMMARY

Defendant admits that Plaintiff is bringing suit for alleged violations of his Fourth Amendment rights as alleged in this unnumbered paragraph under this subsection. Otherwise, Defendant denies that he violated Plaintiff's constitutional rights and denies the remaining allegations contained in this section.

## I.
## <u>PARTIES</u>

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## II.
## <u>JURISDICTION AND VENUE</u>

4.      Defendant admits this Court has jurisdiction. Defendant denies that Plaintiff is entitled to any relief which Plaintiff seeks.

5.      Defendant admits that venue is proper.

## III.
## <u>FACTS AND ALLEGATIONS</u>

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      To the extent Paragraph 8 quotes from an incident report, Defendant would refer directly to that incident report.

9.      Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits that all teens, including Plaintiff, were instructed to sit on the floor.

15.     To the extent Paragraph 15 quotes from an incident report, Defendant would refer directly to that incident report.

16.     To the extent Paragraph 16 quotes from an incident report, Defendant would refer directly to that incident report.

17.     To the extent Paragraph 17 quotes from an incident report, Defendant would refer directly to that incident report.

18.     To the extent Paragraph 18 quotes from an incident report, Defendant would refer directly to that incident report.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     To the extent Paragraph 21 refers to video footage, Defendant would refer directly to that footage.

22.     To the extent Paragraph 22 refers to video footage, Defendant would refer directly to that footage.

23.     Defendant denies as worded the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits that Plaintiff was referred to as "Scotty Pippen" because of the jersey he had on.

25.     Defendant denies as worded the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     To the extent Paragraph 28 quotes from an incident report, Defendant would refer directly to that report.

29.     Defendant denies as worded the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint. Defendant further denies the characterization of the screen capture.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.    Defendant admits that Plaintiff said he didn't do anything wrong. Otherwise, Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.    Defendant admits the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiff's Complaint.

40.    Defendant admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.    Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    Defendant admits the minors responded, "yes sir." Otherwise, Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.    Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.    Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.    Defendant admits the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.    Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.    Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.    To the extent Paragraph 50 quotes from an incident report, Defendant would refer directly to that incident report.

51.    To the extent Paragraph 51 refers to an incident report, Defendant would refer directly to that incident report.

52.    Defendant denies as worded the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.    To the extent Paragraph 53 quotes from an incident report, Defendant would refer directly to that incident report.

54.    To the extent Paragraph 54 contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the statute and case law cited. Defendant further denies that Plaintiff was not intoxicated.

55.    Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.    To the extent Paragraph 56 quotes from an incident report, Defendant would refer directly to that incident report.

57.     Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     To the extent Paragraph 58 quotes from an incident report, Defendant would refer directly to that incident report.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     To the extent Paragraph 60 quotes from an incident report, Defendant would refer directly to that incident report.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies that excessive force was used against Plaintiff. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies that Plaintiff's alleged shoulder injury was caused by Defendants. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies that Plaintiff's alleged shoulder injury was caused by Defendants. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant denies that Plaintiff's alleged shoulder injury was caused by Defendants. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.    Defendant admits the allegations contained in Paragraph 78 of Plaintiff's Complaint.

**IV.**
**CAUSES OF ACTION**
**Count One**
**Excessive Force**
**Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983**
**Against Defendant Miller and Defendant Ganatos**

79.    Defendant incorporates by reference his responses to the previous allegations.

80.    Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.    Defendant admits that Plaintiff brings this action under 42 U.S.C. § 1983 but denies that Defendant violated Plaintiff's constitutional rights.

82.    Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.    To the extent Paragraph 83 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

84.    To the extent Paragraph 84 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited case. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

85.    To the extent Paragraph 85 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited case. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

86.    To the extent Paragraph 86 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited case. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

87.    Defendant admits that Plaintiff was not suspected of committing a violent or serious offense. Otherwise, Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.    Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.    To the extent Paragraph 89 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the statutes cited. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

90.    To the extent Paragraph 90 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited case and statute. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

91.    Defendant admits the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.    Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.    Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     To the extent Paragraph 94 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint. Defendant further denies using excessive force against Plaintiff.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint. Defendant further denies using excessive force against Plaintiff.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint. Defendant further denies using excessive force against Plaintiff.

98.     Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.     Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.     Defendant denies that Plaintiff's alleged injuries are due to this incident. Defendant further denies that he used excessive force against Plaintiff. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.     Defendant denies that Plaintiff's alleged injuries are due to this incident. Defendant further denies that he used excessive force against Plaintiff. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    Defendant denies the allegations in Paragraph 103 of Plaintiff's Complaint.

## V.
## PUNITIVE DAMAGES

104.    Defendant incorporates by reference his response to the previous allegations.

105.    Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint. Defendant further denies Plaintiff is entitled to any of the relief Plaintiff seeks, including punitive damages.

## VI.
## DAMAGES

107.    Defendant incorporates by reference his response to the previous allegations.

108.    Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Complaint. Defendant further denies that he violated Plaintiff's constitutional rights or used excessive force.

110.    Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any of the relief he seeks, including punitive damages.

111.    Defendant denies that Plaintiff is entitled to punitive damages.

112.    Defendant denies the allegations contained in Paragraph 112 and its subparts (a)-(e) of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any of the relief Plaintiff seeks.

113.    Defendant denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.  Defendant further denies that Plaintiff is entitled to punitive damages.

## VII.
## ATTORNEY'S FEES

114.    Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

## VIII.
## JURY REQUEST

115.    Defendant also requests a jury trial.

## PRAYER

Defendant denies that Plaintiff is entitled to the relief he seeks in his Prayer.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant makes the following specific denials, affirmative defenses and/or defenses:

1.    Defendant affirmatively pleads that there is no causal connection between the allegations against Defendant and the injury of which Plaintiff complains.

2.    Plaintiff's claims are barred by the doctrines of sovereign and governmental immunity.

3.    Defendant denies that he violated 42 U.S.C. § 1983, the Fourth and/or Fourteenth Amendments of the U.S. Constitution.

4.    Defendant affirmatively pleads the affirmative defense of qualified immunity.

5.      Defendant affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiff's alleged damages.

6.      Defendant affirmatively pleads and denies that Defendant committed wrongful acts and/or omissions that were wanton, malicious and done with the specific intent to deprive Plaintiff of his constitutional rights.

7.      Defendant affirmatively pleads that Defendant did not violate clearly established law or statutory or constitutional rights of which a reasonable person would have known, and at all times, such person's conduct was objectively reasonable.

8.      Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

9.      Defendant affirmatively pleads that he is entitled to the defense of qualified immunity, and affirmatively pleads that on the occasion in question, he acted without malice, without an intent to deprive Plaintiff of any legally protected rights, and with a reasonable good faith belief that his actions were lawful and proper and within and pursuant to the scope of his discretionary authority.

10.     Defendant affirmatively pleads that no act or omission on his part proximately caused any of Plaintiff's alleged injuries or damages.

11.     Defendant denies that Plaintiff is entitled to punitive damages.

12.     Defendant denies violating Plaintiff's constitutional and/or statutory rights.

13.     Defendant denies that excessive force was used against Plaintiff.

14.     Defendant affirmatively pleads that Plaintiff's shoulder injury was pre-existing and was not as a result of the incident made the basis of Plaintiff's Complaint.

Defendant reserves the right to amend his affirmative defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant, Michael Ganatos, prays that judgment be rendered, that Plaintiff takes nothing by this suit and that Defendant be permitted to go hence without delay and recover his costs and attorney's fees in his behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY**
   **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR DEFENDANT**
**MICHAEL GANATOS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the __5th__ day of June, 2024.

**<u>VIA E-FILE</u>**
Scott H. Palmer
James P. Roberts
Breanta Boss
Scott H. Palmer, PC
15455 Dallas Parkway, Suite 540
Addison, Texas 75001

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**